UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                             Case No. 19-20216
                                               Honorable Victoria A. Roberts
JASON LEDESMA,

    Defendant.

_____/

## ORDER:

### (1) Denying Defendant's Motion for Early Production of *Jencks* Material [ECF No. 202];

### (2) Denying Defendant's Motion for a Written Proffer and Hearing on Admissibility of Co-Conspirators' Statements [ECF No. 203];

### (3) Denying Defendant's Motion for a Bill of Particulars [ECF No. 204];

### (4) Denying Defendant's Motion for Early Production of Witness List [ECF No. 207]; and

### (5) Granting in Part and Denying in Part Defendant's Motion for Pretrial Disclosure of Rule 404(b) Evidence [ECF No. 208]

## I.    INTRODUCTION & BACKGROUND

The government charges Jason Ledesma ("Ledesma") in a

Superseding Indictment with: (1) Conspiracy to Possess with Intent to

Distribute a Controlled Substance, 21 U.S.C. §§ 846, 841(a)(1); (2)

Conspiracy to Possess Firearms in Furtherance of a Drug-Trafficking Crime, 18 U.S.C. § 924(o); and (3) Possession of a Controlled Substance With Intent to Distribute, 21 § U.S.C. 841(a)(1).  The Superseding Indictment names nine Co-Defendants.

Before the Court are five motions filed by Ledesma:

- Motion for Early Production of *Jencks* Material [ECF No. 202];

- Motion for a Written Proffer and Hearing on Admissibility of Co-Conspirators' Statements Under Fed. R. Evid. 801(d)(2)(E) [ECF No. 203];

- Motion for a Bill of Particulars [ECF No. 204];

- Motion for Early Production of Witness List [ECF No. 207]; and

- Motion for Pretrial Disclosure of All Evidence which the Government Intends to Offer Pursuant to Fed. R. Evid. 404(b) [ECF No. 208].

The government opposes each motion.  Among other specific arguments, it says that Ledesma's motions lack merit and/or are premature because trial will not begin until at least summer 2021.  The government also says that despite representing that he sought concurrence in the motions pursuant to Local Rule 7.1(a), counsel for Ledesma did not seek concurrence before filing his motions.

Co-Defendant Jerome Bray joined in all five motions; co-Defendant Jamilie Ledesma joined the first three, ECF Nos. 202-204.

Defendants did not file a reply brief for any of the motions.

## II. DISCUSSION

### A. Motion for Early Production of *Jencks* Material [ECF No. 202]

In his first motion, Ledesma asks the Court to require the government to disclose any *Jencks* Act material at least 45 days before trial. The government says that this relief is impermissible. The Court agrees.

The *Jencks* Act requires the government to produce any prior statements of a witness that relate to the subject matter of the witness's testimony and are in the government's possession *after* the direct examination of the witness. 18 U.S.C. § 3500(a)-(b); Fed. R. Crim. P. 26.2(a) ("After a witness . . . has testified on direct examination, the court, on motion of a [defendant], must order . . . the government . . . to produce . . . any statement of the witness that is in [its] possession and that relates to the subject matter of the witness's testimony.").

Sixth Circuit law prohibits the Court from overriding the timing provisions in the *Jencks* Act: "The clear and consistent rule of this circuit is that . . . the government may not be compelled to disclose Jencks Act material before trial." *United States v. Presser*, 844 F.2d 1275, 1283 (6th Cir. 1988); *see also United States v. Boykins*, 915 F.2d 1573 (Table), 1990 WL 143559, at *5 (6th Cir. Oct. 2, 1990) ("The Sixth Circuit has expressly held that the government has no obligation to disclose and the trial court

3

has no discretion to require disclosure of Jencks Act material before a witness testifies.").

Because the Court lacks the authority to compel pretrial disclosure of *Jencks* Act material, Ledesma's Motion for Early Production of *Jencks* Material [ECF No. 202] is **DENIED**.

Notably, however, in it is response the government says: "Had [Ledesma] sought concurrence – as he was required to do – he would have learned that the United States is willing to disclose relevant witness statements . . . required by the *Jencks* Act and Rule 26.2 approximately one week prior to the start of trial, in order to provide the parties with enough time to prepare for cross-examination, and to ensure a more efficient trial."  Defendants are advised to confer with counsel for the government.

### B.  Motion for a Written Proffer and Hearing on Admissibility of Co-Conspirators' Statements Under Fed. R. Evid. 801(d)(2)(E) [ECF No. 203]

Ledesma moves for disclosure of, and a pretrial determination on, the admissibility of any co-conspirator statements the government will attempt to introduce at trial.  He requests: (1) a written proffer by the government at least 30 days prior to trial setting forth the basis for admission of co-

conspirator statements; and (2) that the Court conduct a pretrial hearing on the admissibility of the statements.

The government opposes Ledesma's motion. It says there is no basis in the law that would require the United States to provide written notice of all testimony expected to occur at trial, so that Ledesma can preview and determine which statements he would like to exclude and what objections he would like to raise. The government says if Ledesma has a basis on which to object to co-conspirator statements, he should do so during trial – either before the witness testifies, or during testimony. And if the Court determines that an offer of proof is required before the witness testifies, the government will do so at that time. Alternatively, the government says Ledesma can file a motion in limine seeking to exclude specific statements he anticipates will be introduced at trial that he contends are inadmissible.

Federal Rule of Evidence 801(d)(2)(E) provides that a "statement [which] is offered against an opposing party and . . . was made by the party's coconspirator during and in furtherance of the conspiracy" is not hearsay. Before admitting a co-conspirator's statement under Rule 801(d)(2)(E), the Court must find by a preponderance of the evidence that: (1) a conspiracy existed; (2) the declarant and the defendant were

members of the conspiracy when the statement was made; and (3) the

statement was made in furtherance of the conspiracy.  *United States v.*

*Childs*, 539 F.3d 552, 559 (6th Cir. 2008).  These three prerequisites are

findings of fact made by the Court pursuant to Fed. R. Evid. 104(a).  *United*

*States v. Maliszewski*, 161 F.3d 992, 1007 (6th Cir. 1998).

The Court agrees with the government and will not require it to

provide written notice of all co-conspirator statements expected to be

introduced at trial.  Defendants can file motions in limine regarding any

anticipated statements they want to challenge.  Or, they can raise

objections during trial – either before a witness testifies or during testimony.

The Court **DENIES** Ledesma's Motion for a Written Proffer and

Hearing on Admissibility of Co-Conspirators' Statements Under Fed. R.

Evid. 801(d)(2)(E) [ECF No. 203].

## C.  Motion for a Bill of Particulars [ECF No. 204]

Ledesma seeks an order requiring the government to provide a bill of

particulars containing the following information: (1) "[t]he precise dates,

times, places and manner of the transactions that he is alleged to have

personally participated in"; (2) "[t]he names and address of any person the

government claims were present, or have knowledge of the circumstance

of each act or transaction it is alleged defendant participated in"; (3) "[t]he

6

precise words and acts that defendant uttered o[r] engaged in supporting [each] count of the indictment"; (4) "[t]he specific type and amount of controlled substance it is alleged that defendant manufactured, distributed, dispensed or possessed or aided with other co-defendants (to be identified) during each transaction"; and (5) "[t]he specific firearm(s) he is alleged to have possess[ed] and when the illegal act occurred as alleged in Count Two of the Superseding Indictment."

A bill of particulars serves three purposes: "(1) to inform the defendant of the nature of the charge against him to prepare for trial; (2) to avoid or minimize the danger of surprise at the time of trial; and (3) to enable him to plead his acquittal or conviction to bar another prosecution for the same offense when the Indictment is too vague and indefinite for such purposes." *United States v. Stone,* No. 10-20123, 2011 WL 4708783, at *5 (E.D. Mich. Oct. 6, 2011) (citing *United States v. Brimley,* 529 F.2d 103, 108 (6th Cir. 1976)).

The government says a bill of particulars is unnecessary because the indictment sufficiently details the charges. The Court agrees.

A defendant is not entitled to a bill of particulars as a matter of right; whether to grant or deny a bill of particulars is left to the discretion of the

Court.  *Wong Tai v. United States*, 273 U.S. 77, 82 (1927); Fed. R. Crim. P.

7(f) ("The court may direct the government to file a bill of particulars.").

A Court properly rejects a request for a bill of particulars when the

indictment adequately details the charges.  *See United States v. Mahar*,

801 F.2d 1477, 1503 (6th Cir. 1986).  An indictment is sufficient if it: (1)

"contains the elements of the offense charged"; (2) "fairly informs the

defendant of the charge against which he must defend"; and (3) "enables

[the defendant] to plead an acquittal or conviction in bar of future

prosecutions for the same offense."  *United States v. Bailey*, 444 U.S. 394,

414 (1980).  "Stated differently, an indictment which describes the offense

in terms of the words of the criminal statute, together with the approximate

place and time of the offense, is generally sufficient."  *United States v.

United Mem'l Hosp.*, No. 01-238, 2002 WL 33001119, at *3 (W.D. Mich.

July 23, 2002); *see also United States v. Fruehauf Corp.*, 577 F.2d 1038,

1071 (6th Cir. 1998) (holding in conspiracy case that charges were

sufficient where they identified the object of the conspiracy and referred to

the specific statutory sections involved).

The Superseding Indictment adequately details the charges, making

a bill of particulars unnecessary: it sets forth the offenses charged –

including the elements and the statutory provisions; contains the

8

approximate location and a date range of the charged conduct; and details

the names of co-conspirators and the type and amount of drugs involved.

The indictment is sufficient to inform Ledesma and his co-defendants

of the nature of the charges against them to adequately prepare for – and

avoid the danger of surprise at – trial, and to protect against a future

prosecution for the same offense.  Moreover, the government has provided,

and will continue to provide, Defendants with discovery.  A bill of particulars

is unnecessary.

The Court **DENIES** Ledesma's Motion for a Bill of Particulars [ECF

No. 204].

### D.  Motion for Early Production of Witness List [ECF No. 207]

Ledesma requests the Court to order the government to produce its

witness list 45 days in advance of trial so his counsel can prepare to

confront the witnesses under the Sixth Amendment and properly prepare a

defense.  The government opposes this motion but offers to provide its

witness list seven days before trial as long as Defendants reciprocate.

"It is well recognized that defendants cannot obtain lists of

prosecution witnesses as a matter of right."  *United States v. Kendricks*,

623 F.2d 1165, 1168 (6th Cir. 1980).  However, the Court has discretion to

compel pretrial disclosure of the identity of government witnesses where

non-disclosure would "prejudice . . . the defendant's ability to prepare an effective defense." *Id.* at 1168-69.

Ledesma offers no evidence that non-disclosure of the identity of the government's witnesses would prejudice his ability to prepare an effective defense. He merely makes the vague and conclusory claim that disclosure is necessary for proper trial preparation. As the government points out, this is insufficient to support an order compelling early disclosure of a witness list. *See United States v. Watson*, 787 F. Supp. 2d 667, 674 (E.D. Mich. 2011) (denying motion for disclosure of witness list in advance of agreed upon date because defendants did not offer any "particularized reasons for requiring an earlier disclosure date for witnesses").

The Court **DENIES** Ledesma's motion [ECF No. 207] for the Court to compel the government to produce its witness list 45 days before trial.

However, if Defendants agree to provide their witness lists on the same date, the Court will require the government to produce its witness list seven days before trial.

### E.  Motion for Pretrial Disclosure of All Evidence which the Government Intends to Offer under Rule 404(b) [ECF No. 208]

Finally, Ledesma seeks an order requiring the government to disclose all evidence it intends to offer under Fed. R. Evid. 404(b) at least 45 days

before trial, so that he he can file the proper motion(s) to exclude the evidence and/or adequately prepare to meet the allegations at trial.

The government opposes the Court imposing a strict deadline for disclosing Rule 404(b) evidence. However, it says it plans to provide notice of any Rule 404(b) evidence it intends to use three weeks before trial.

Federal Rule of Evidence 404(b) was amended on December 1, 2020. In relevant part, the amended rule states that the prosecutor in a criminal case must:

> (A) provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it;
>
> (B) articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and
>
> (C) do so in writing before trial--or in any form during trial if the court, for good cause, excuses lack of pretrial notice.

Fed. R. Evid. 404(b)(3)(A)-(C).

Neither party briefs the rule amendment, but the following excerpts from the 2020 Advisory Committee's Note succinctly describe the effect of the relevant changes:

**2020 Amendments**

Rule 404(b) has been amended principally to impose additional notice requirements on the prosecution in a criminal case.

The notice provision has been changed in a number of respects:

• The prosecution must not only identify the evidence that it intends to offer pursuant to the rule but also articulate a non-propensity purpose for which the evidence is offered and the basis for concluding that the evidence is relevant in light of this purpose. The earlier requirement that the prosecution provide notice of only the "general nature" of the evidence was understood by some courts to permit the government to satisfy the notice obligation without describing the specific act that the evidence would tend to prove, and without explaining the relevance of the evidence for a non-propensity purpose. This amendment makes clear what notice is required

• The pretrial notice must be in writing--which requirement is satisfied by notice in electronic form.

• Notice must be provided before trial in such time as to allow the defendant a fair opportunity to meet the evidence, unless the court excuses that requirement upon a showing of good cause. Advance notice of Rule 404(b) evidence is important so that the parties and the court have adequate opportunity to assess the evidence, the purpose for which it is offered, and whether the requirements of Rule 403 have been satisfied--even in cases in which a final determination as to the admissibility of the evidence must await trial.

• Finally, the amendment eliminates the requirement that the defendant must make a request before notice is provided.

Fed. R. Evid. 404(b) Advisory Committee's Note to 2020 Amendment

(alterations omitted).

Rule 404(b) does not explain what constitutes "reasonable notice" in

ordinary circumstances.  *United States v. Barnes*, 49 F.3d 1144, 1148 (6th

Cir. 1995) ("Rule 404(b) does not discuss at what point, in ordinary circumstances, notice must be given. . . .").

Considering this Court typically requires motions in limine to be filed between two to three weeks before trial begins – and because the government is likely to know, or be able to determine, the "other bad acts" evidence it will offer at trial under Rule 404(b) – the Court requires the government to disclose any Rule 404(b) evidence at least 30 days before trial. This will allow Defendants to timely file any motions in limine on this evidence.

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** Ledesma's Motion for Pretrial Disclosure of All Evidence which the Government Intends to Offer under Fed. R. Evid. 404(b) [ECF No. 208].

In its response, the government cites the prior version of Rule 404(b), which required it to provide notice of only the "general nature" of the evidence it intended to use at trial. To avoid any future dispute and ensure the government satisfies its duty under the current version of the rule, the Court directs the government to take note of subsection (b)(3)(B) – which requires the government to do more than provide the "general nature" of the evidence it seeks to offer at trial. *See* Fed. R. Evid. 404(b)(3)(B) (requiring the government to "articulate in the notice the permitted purpose

for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose").  As the Advisory Committee's Note explains, in addition to identifying the evidence that it intends to offer under Rule 404(b), the government must "also articulate a non-propensity purpose for which the evidence is offered and the basis for concluding that the evidence is relevant in light of this purpose."  *See supra.*

### F.  Failure to Seek Concurrence under Local Rule 7.1(a)

Had Ledesma's counsel sought concurrence in the relief requested before filing his motions, he likely could have reached a compromise with the government without Court intervention on at least one of his motions.

Before filing any future motions, Ledesma's counsel must *actually* confer with counsel for the government.  If concurrence is not obtained, he must provide a precise summary of his correspondence with opposing counsel, including the dates and times of his conference(s) and the reasonable efforts he took to attempt to obtain concurrence in the relief requested.

If counsel for Ledesma fails to seek concurrence before filing any future motion and/or falsely certifies in a filing that he sought concurrence, the Court may strike the filing and/or impose sanctions for counsel's failure to seek concurrence and/or misrepresentation to the Court.

## III.    CONCLUSION

As set forth above, the Court **DENIES** Ledesma's: (1) Motion for

Early Production of *Jencks* Material [ECF No. 202]; (2) Motion for a Written

Proffer and Hearing on Admissibility of Co-Conspirators' Statements [ECF

No. 203]; (3) Motion for a Bill of Particulars [ECF No. 204]; and (4) Motion

for Early Production of Witness List [ECF No. 207].

The Court **GRANTS IN PART** and **DENIES IN PART** Ledesma's

Motion for Pretrial Disclosure of All Evidence which the Government

Intends to Offer under Fed. R. Evid. 404(b) [ECF No. 208].  The

government must disclose any Rule 404(b) evidence it intends to offer at

trial at least <u>30 days</u> before trial, and fully comply with Rule 404(b) as

amended December 1, 2020.

**IT IS ORDERED**.

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  December 3, 2020